UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARI KAVALIN, an individual, on behalf of
herself and all others similarly situated,

                          Plaintiffs,

          -vs-                                                    10-CV-314-JTC

GLOBAL CREDIT & COLLECTION
CORPORATION, a Delaware Corporation, and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25, being fictitious names of
unidentified persons who control the policies and
practices invoked by Global Credit & Collection
Corporation,

                          Defendants.
_____

        Plaintiff Shari Kavalin brings this putative class action against defendant Global

Credit and Collection Corporation ("Global Credit") asserting claims under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer

Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").  Global Credit moves

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's

claims brought under certain provisions of the FDCPA, and to dismiss plaintiff's FCCPA

claims in their entirety.  For the reasons that follow, Global Credit's motion is granted in

part and denied in part.

## BACKGROUND

        Plaintiff is a resident of Broward County, Florida. Global Credit is a debt collection

agency with its principal place of business in Williamsville, New York.  Plaintiff alleges that,

beginning in early October 2009, Global Credit sent her a collection letter, and left "scores"

of voice messages on her cell phone, in connection with a delinquent consumer account

at Capital One Bank.   "By way of example," plaintiff claims that Global Credit left the

following voice messages:

> Good afternoon, my name is Andrew Metcalf.  I am the Senior supervisor at
> Global.  Over the past week, we have sent correspondence to the address we
> have on file for you.  Due to the Privacy Act, I am unable to disclose the
> name of the person that I am trying to reach; however, it is a time-sensitive
> matter and requires your immediate attention.  My staff are available to help
> analyze your situation and provide solutions, which meet your needs.  We
> are available to help answer any questions or concerns you may have until
> 9:00 p.m. this evening.  Please give us a call at 1-877-295-9638, or press
> one now to speak with a qualified agent.  To speak with me directly, you may
> call me at toll-free 1-877- 295-9638 and ask my staff to transfer you to
> extension 873.

Item 10, ¶ 43 (message left on October 8, 2009).

> Good afternoon, my name is Andrew Metcalf, I'm trying to get in contact with
> you in regards to an important matter that's just reached our office.  Our
> client has required immediate attention from you for some time now.  You
> may reach us directly at 1-877-295-9638.  Due to the importance of this
> matter, our office will be open this evening until 9:00 p.m. for your immediate
> attention.  You may reach us at, toll-free, 1-877-295-9638.

*Id.*, ¶ 46 (messages left on October 19 and 22, 2009).

> Hello, good day; my name is "Arion."  I'm calling with regards to an important
> business matter.  It would be in your best interest to get this meeting [sic]
> resolved as soon as possible.  We have 48 hours to resolve this matter.  So
> you need to return this call or forfeit options available.  To stop further phone
> calls, and to resolve this issue, please contact us on 1-877-295-9638.  Thank
> you.

*Id.*, ¶ 48 (message left on October 24, 2009).[1]

---

[1] Plaintiff's original complaint was filed on April 16, 2010, setting forth two causes of action against Global Credit for violations of (1) the FDCPA and (2) the FCCPA based on allegations relating to these four voice messages (*see* Item 1).  Global Credit moved to dismiss the FCCPA claim, and plaintiff responded to the motion by filing an amended complaint (Item 10) containing several additional allegations relating to "scores" of cell phone messages, as well as the collection letter dated October 2,

Plaintiff claims that these messages fail to disclose the caller's identity, contain materially false, deceptive and misleading statements that create a false sense of urgency, and otherwise amount to "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d" and several other provisions of the FDCPA.  Item 10, ¶ 133.  She also claims that these messages are actionable under § 559.72 of the FCCPA, specifically subsections (7) (prohibiting collectors of consumer debt from "willfully" engaging in "conduct which can reasonably be expected to abuse or harass the debtor"), and (8) (prohibiting the use of profane, obscene, vulgar, or willfully abusive language in communicating debtors).  *See id.* at ¶ 136.

Plaintiff further alleges in her amended complaint that ,"[i]n or about the middle or latter part of October 2009" (*id.,* ¶ 79), she received a letter from Global Credit dated October 2, 2009, which stated in part:

> **Your delinquent account now meets Capital One Bank (USA), N.A.'s guidelines for legal action if it charges off.**
>
> Your account has been placed with Global Credit & Collection Corp., a collection agency.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.
>
> Capital One . . . has not yet made a decision to file a lawsuit, there is still time for you to work with us in resolving this matter.
>
> If we cannot get this matter resolved soon and your account charges off, Capital One . . . may be forced to take legal action.  This could result in a judgment against you.  If Capital One . . . obtains a judgment against you, they can take whatever actions they deem advisable to enforce it.

---

2009, attached to the amended complaint as  Exhibit A.  Global then moved to dismiss the amended complaint, which is now the operative pleading for the purposes of Rule 12(b)(6).  *See Krausz Industries, Ltd. v. Romac Industries, Inc.*, 719 F. Supp. 2d 241, 243 (W.D.N.Y. 2010).

Item 10, Ex. A.  Plaintiff claims that these "written communications," like the cell phone messages, contain false, deceptive and misleading representations amounting to conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of several provisions of the FDCPA (*id.*, ¶ 134), as well as § 559.72, subsections (7) and (8), of the FCCPA (*see id.* at ¶ 137).

Global Credit moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the following claims:

1. Plaintiff's claim that the October 2, 2009 collection letter violated § 1692d of the FDCPA;

2. Plaintiff's claim that the four telephone messages left for her during the month of October 2009 violated sections 1692d and/or 1692d(5) of the FDCPA;

3. Plaintiff's FCCPA claim, in its entirety.

## DISCUSSION

### I.      Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) allows a party to assert by motion the defense that the complaint against it fails to state a claim upon which relief can be granted.  In ruling on the motion, the court must accept as true all of the well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *See, e.g., Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 2010 WL 1270190, at *2 (E.D.N.Y. Jan. 27, 2010) (citing *Holmes v. Poskanzer*, 342 Fed. Appx. 651,  652 (2d Cir. 2009)).  To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ___U.S.___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In applying this "plausibility"standard, the court's inquiry "is guided by '[t]wo working principles.' " *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, ___U.S. at ___, 129 S.Ct. at 1949)).  First, the "tenet" that the court must accept the allegations in the complaint as true "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal quotation marks, citations, and alterations omitted).  " 'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " *Id.* (quoting *Iqbal*, ___U.S.___, 129 S.Ct. at 1950).  Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950.

## II.    The Fair Debt Collection Practices Act

The FDCPA was enacted in 1977 "to eliminate abusive debt collection practices by debt collectors . . . ."  15 U.S.C. § 1692(e); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (FDCPA enacted to address collection abuses such as use of obscene language, threats of violence, telephone calls at unreasonable hours, and misrepresentation of consumer's legal rights).  The FDCPA sets forth several specific

examples of particular conduct and practices that debt collectors are forbidden to employ. *See, e.g.*, 15 U.S.C. §§ 1692d (listing examples of prohibited harassing, oppressive, or abusive conduct), 1692e (listing examples of prohibited "false, deceptive, or misleading representation or means"), 1692f (listing examples of prohibited "unfair or unconscionable" practices).  The lists of forbidden conduct and practices, however, are  "non-exhaustive, and the FDCPA generally forbids collectors from engaging in unfair, deceptive, or harassing behavior." *Kropelnicki*, 290 F.3d at 127.

In order to determine whether a communication from a debt collector violates any of the  FDCPA's proscriptions, courts in the Second Circuit apply a standard reflecting the perspective of the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008).  The purpose of the least sophisticated consumer standard is two-fold: "it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993); *see also Bank v. Pentagroup Financial, LLC*, 2009 WL 1606420, at *3 (E.D.N.Y. June 9, 2009) (courts must balance  need to protect consumers against need to ensure debt collectors are not held liable for unreasonable misinterpretations of collection notices).  The courts have imposed a slightly different standard in evaluating claims brought under § 1692d, holding that claims under that section "should be viewed from the perspective of a consumer whose circumstances make[ ] him relatively more susceptible to harassment, oppression, or abuse." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985).

In this case, plaintiff claims in her first cause of action that Global Credit's conduct in connection with its efforts to address the delinquent Capital One consumer account violated several of the prohibitions set forth in the FDCPA.  In particular, plaintiff alleges that by leaving the cell phone messages Capital One violated the general prohibitions of sections 1692d (debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt) and 1692e (debt collector may not use false, deceptive, or misleading means in connection with collection of a debt), as well as the more specific prohibitions of subsections 1692(d)(5) (causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number); 1692(d)(6) (placement of telephone calls without meaningful disclosure of the caller's identity); 1692e(10) (use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer); and 1692e(11) (failure to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose) (*see* Item 10, ¶ 133).  With respect to the collection letter, plaintiff again alleges violations of the general prohibitions of sections 1692d and 1692e, as well as subsections 1692e(4) (representing or implying that nonpayment of debt will result in seizure, garnishment, attachment, or sale of property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action); 1692e(5) (making false threats to take action that cannot legally be taken or is not intended to be taken); and 1692e(10).  Finally, plaintiff claims that Global credit's conduct with regard to both the cell phone messages and the

collection letter violated § 1692g(b) (proscribing collection activities which have the effect of contradicting or overshadowing the consumer's rights to dispute the debt).

Global Credit moves to dismiss plaintiff's claims brought under sections 1692d and 1692d(5).  Global Credit contends that the amended complaint fails to set forth sufficient facts to indicate how leaving four messages on plaintiff's cell phone during the month of October 2009, or sending one collection letter, amounted to harassment, oppression, abuse, or annoyance of plaintiff to the extent required to state a claim under these provisions of the FDCPA.  Plaintiff responds that the amended complaint is replete with factual allegations detailing how Global Credit knowingly and willfully engaged in the conduct prohibited by these provisions.

### A.    The Cell Phone Messages

Section 1692d generally prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  Section 1692d(5) prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  Courts have held that the question whether a debt collector's conduct in attempting to contact a debtor by telephone amounts to harassment or annoyance in violation of these provisions ultimately turns on evidence regarding the volume, frequency, pattern, or substance of the phone calls.  *See, e.g., Brandt v. I.C. System, Inc.*, 2010 WL 582051, at *2 (M.D.Fla. Feb. 19, 2010) (and cases cited therein); *see also Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D.Nev. 2008).  While the question whether debt collection conduct harasses, oppresses, or

abuses will ordinarily be left for the jury, *see, e.g., Jeter*, 760 F.2d at 1179, courts have nonetheless dismissed claims brought under § 1692d where the facts alleged in the complaint "do not have the natural consequence of harassing or abusing a debtor." *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (affirming district court's Rule 12(b)(6) dismissal of § 1692d claim, finding that "the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor"); *see also Kerr v. Dubowsky*, 71 Fed. Appx. 656, 657 (9th Cir. 2003) (affirming district court's dismissal of § 1692d claim for failure to allege facts that telephone call from debt collector was intended to harass, oppress, or abuse); *Jeter*, 760 F.2d at 1179-80 (affirming district court's dismissal of § 1692d claim finding that section does not, as a matter of law, proscribe sending collection letter containing threat of legal action).

Assuming the truth of plaintiff's factual allegations with regard to the cell phone messages left by Global Credit in connection with the collection of the Capital One debt (including not only the four examples set forth above, but also the "scores" of otherwise unidentified messages), viewed from the perspective of a consumer whose circumstances make her relatively more susceptible to harassment, oppression, or abuse, the court finds that those facts plausibly state a claim for relief under both §§ 1692d and 1692d(5).   As outlined above, plaintiff alleges that the knowing and willful "act" of leaving messages containing statements that the call was about "a time-sensitive matter . . . requir[ing] immediate attention," or  "an important business matter" that plaintiff had "48 hours to resolve," constitutes conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of § 1692d, and

that leaving "scores" of such messages caused her cell phone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of § 1692d(5).  The clear import of the case law authority cited above is that the question whether this type of conduct amounts to harassment or annoyance in violation of these provisions is one of fact for the jury, to be determined in light of any evidence revealed during discovery regarding the volume, frequency, pattern, or substance of the phone calls.

Accordingly, Global Credit's motion to dismiss is denied with respect to plaintiff's claim that the messages left on plaintiffs cell phone violated the general prohibitions of § 1692d and/or the specific prohibition of § 1692d(5) of the FDCPA.

### B.     The Collection Letter

As outlined above, plaintiff claims that by sending the October 2, 2009 letter containing false and deceptive statements regarding her legal rights and remedies concerning the Capital One account, Global Credit engaged in conduct the natural consequences of which was to harass, oppress, or abuse her consumer in connection with the collection of a debt, in violation of § 1692d.  Defendant contends that the complaint does not refer to any specific words, phrases or threats contained in the letter that can plausibly amount to harassment, and in any event plaintiff's § 1692d claim is foreclosed by the holding in *Jeter v. Credit Bureau, Inc.*

In *Jeter*, the debt collector sent the plaintiff two collection letters containing the following statements:

> [Y]ou are hereby notified that unless satisfactory arrangements are made within five (5) days from this date, we will recommend to our client, suit and

> subsequent action (judgment, garnishment, levy, and/or attachment proceedings) may be instigated against you by their attorneys.
> . . .
>
> This is our final notice to you before recommending that our client give the account to their attorney for legal action.
>
> Although it may cause you embarrassment, inconvenience and further expense, we will do so if the entire balance is not in this office within the next five days.

760 F.2d at 1171. The plaintiff eventually brought an action against the debt collector claiming these letters violated several provisions of the FDCPA, including § 1692d, "because the natural consequences of the letters were to harass, oppress, or abuse the plaintiff." *Jeter v. Credit Bureau, Inc.*, 584 F. Supp. 973, 974 (D.C.Ga. 1983). The district court granted the defendant's summary judgment motion dismissing the § 1692d claim, finding that the "simple threat of a lawsuit" contained in the letters did not, in and of itself, constitute the type of harassment, oppression, or abuse contemplated by the prohibition of § 1692d. *Id.* at 976.

The Eleventh Circuit affirmed the dismissal of the plaintiff's § 1692d claim. The circuit court found that the statement in the collection letters threatening legal action which might cause the plaintiff "embarrassment, inconvenience, and further expense" did not, as a matter of law, rise to the level of conduct proscribed by § 1692d. According to the court:

> That a lawsuit might cause a consumer "embarrassment, inconvenience, and further expense" is a true statement. Such consequences of a debt collection (or any other) lawsuit are so commonplace that even a consumer susceptible to harassment, oppression, or abuse would not have been harassed, oppressed, or abused by the statement in and of itself. A simple warning of "embarrassment, inconvenience, and further expense" does not create a "tone . . . of intimidation . . . ." *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F. Supp. 980, 982 (N.D.Ill. 1979). Of course, [the defendant]'s statement was part and parcel of general representations which a reasonable jury could find to be violative of §§ 1692e(5) and (10), *i.e.*,

potentially deceptive or false use of threats to recommend legal action.
Deception or falsehood alone, however, is wholly different from the conduct
condemned in subsections (1) through (6) of § 1692d.  Thus, we believe that
Congress did not contemplate the prohibition of deceptive conduct *per se*
within the confines of § 1692d.

*Jeter*, 760 F.2d at 1179.

Similar to the statements in the letters at issue in the *Jeter* case, Global Credit's

October 2, 2009 collection letter stated that:

If we cannot get this matter resolved soon and your account charges off,
Capital One . . . may be forced to take legal action.  This could result in a
judgment against you.  If Capital One . . . obtains a judgment against you,
they can take whatever actions they deem advisable to enforce it.

Item 10, Ex. A.  Plaintiff alleges that these "collective threats" of legal action and references

to the negative consequences of post-judgment remedies are "false, deceptive, and

misleading" in violation of sections 1692e, 1692e(4), 1692e(5), 1692e(10), and 1692g(b)

(Item 10, ¶¶ 100, 134), and that the natural consequences of Global Credit's conduct in

sending a letter containing such statements is to harass, oppress, or abuse her, in violation

of § 1692d.  As the circuit court found in *Jeter*, however, even when evaluated from the

perspective of a consumer whose circumstances make her relatively more susceptible to

harassment, oppression, or abuse, § 1692d does not as a matter of law proscribe Global

Credit's conduct in this regard.  Rather, in this court's view, and in recognition of the

holding in *Jeter*, plaintiff's claim with regard to the act of sending the collection letter is "part

and parcel" of her claims with regard to the allegedly "false, deceptive, and misleading"

conduct proscribed by § 1692e and subsections e(4), e(5), and e(10), which are outside

"the confines of § 1692d" and not subject to Global Credit's motion to dismiss.

-12-

Accordingly, the motion is granted to the extent it seeks dismissal of plaintiff's claim that Global Credit's October 2, 2009 collection letter violated § 1692d of the FDCPA.

## III.   The Florida Consumer Collection Practices Act

In her Second Cause of Action, plaintiff's alleges that the cell phone messages and collection letter also violated certain provisions of § 559.72 of the FCCPA.  That section, entitled "Prohibited practices generally," lists nineteen specific prohibited debt collection actions, two of which are alleged to be applicable to Global Credit's conduct in this case:

> In collecting consumer debts, no person shall:
> . . .
>
> (7)  Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> (8)   Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

Fla. Stat. § 559.72 (7), (8).  Defendant contends that the facts alleged in the amended complaint are insufficient to state a claim for relief under either one of these provisions.

Like the cases discussed above in the context of harassment claims brought under the FDCPA, "Florida courts have placed the determination of elements comprising FCCPA violations within the jury's province." *Ortega v. Collectors Training Institute of Illinois, Inc.*, 2011 WL 241948, at *9 (S.D.Fla. Jan. 24, 2011) (citing *Jeter*, 760 F.2d at 1179) ( "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury.")); *see also Ortiz v. Accounts Receivable Mgmt., Inc.*, 2010 WL 547910, at *3 (S.D.Fla. Feb. 12, 2010) (question of fact precluding judgment on the pleadings as to

whether number and content of telephone calls constitutes willful conduct reasonably expected to harass in violation of § 559.72(7)); *Story v. J.M. Fields, Inc.*, 343 So.2d 675, 676-77 (Fla.Dist.Ct.App. 1977) (whether communications are so frequent so as to be reasonably expected to harass "is ordinarily the business of juries, not of judges."). As explained in the *Story* case:

> The standard that emerges from Section 559.72(7) . . . concerns the purpose as well as the frequency of the creditor's calls. Proof of numerous calls does not make a jury issue on liability if all must agree the creditor called only to inform or remind the debtor of the debt, to determine his reasons for nonpayment, to negotiate differences or to persuade the debtor to pay without litigation. The trier of fact may consider such communications harassing in their frequency, however, when they continue after all such information has been communicated and reasonable efforts at persuasion and negotiation have failed. Beyond that point communication "can reasonably be expected to harass the debtor or his family," because it tends only to exhaust the resisting debtor's will. If the creditor intends that likely effect, further communication is willful and actionable. If his communications evidence a purpose to inflict insult and injury, or are wholly without excuse, punitive damages may be awarded.

*Story v. J.M. Fields, Inc.*, 343 So.2d at 677.

Considering as true plaintiff's allegations that Global Credit willfully engaged in harassing, oppressive, and abusive conduct by sending the October 2, 2009 collection letter and leaving scores of telephone messages in connection with the delinquent Capital One account, and drawing all reasonable inferences from the facts alleged in plaintiff's favor, the court finds that plaintiff has stated a plausible claim for relief under § 559.72(7) of the FCCPA sufficient to allow her to conduct discovery in an attempt to prove the allegations in light of the standards discussed above.

However, the same cannot be said with respect to plaintiff's claim under § 559.72(8). The amended complaint is devoid of any allegations that the debt collection

communications at issue employed profane, obscene, vulgar, or willfully abusive language. Even when viewed from the perspective of a consumer whose circumstances make her relatively more susceptible to harassment, oppression, or abuse, there is nothing in the plain language of the quoted cell phone messages or in the collection letter that could be reasonably construed as "offensive language which is at least akin to profanity or obscenity." *Jeter*, 760 F.2d at 1178 (interpreting analogous provision of FDCPA § 1692d(2)).[2]

Accordingly, the court finds that plaintiff has failed to state a claim for relief under FCCPA § 559.72(8) that is plausible on its face.

## CONCLUSION

Based on the foregoing, Global Credit's motion to dismiss (Item 12) is granted to the extent it seeks dismissal of plaintiff's claims (1) that Global Credit's October 2, 2009 collection letter violated § 1692d of the FDCPA, and (2) that the collection letter and cell phone messages violated § 559.72(8) of the FCCPA. The motion is denied in all other respects.

A telephone conference with counsel is scheduled for April 25, 2011, at 2 p.m. to discuss a schedule for further proceedings in the case. The court will initiate the call.

So ordered.

\s\ John T. Curtin
_____
JOHN T. CURTIN
United States District Judge

Dated:     3/30                          , 2011
p:\pending\2010\10cv314.mar17.2011

---

[2]As defendant points out, and as the court's research confirms, there are no reported decisions defining or explaining what constitutes "profane, obscene, vulgar, or willfully abusive language" in violation of § 559.72(8).